# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

### CIVIL NO.  1:05CV306

| | |
|---|---|
| IN RE: ) | |
|     OTTO CLAUDE and ) | |
|     LINDA C. SMITH, ) | |
| ) | |
| Debtors. ) | |
| _____) | |
| OTTO CLAUDE SMITH and ) | |
| LINDA C. SMITH, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| Vs. ) | ORDER OF DISMISSAL |
| ) | |
| CROWFIELDS CONDOMINIUM ) | |
| ASSOCIATION, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

**THIS MATTER** is before the Court *sua sponte* to dismiss the pending

bankruptcy appeal for failure to comply with Rule 8006.

The Appellants filed a notice of appeal on September 19, 2005, but have failed to file a designation of items for inclusion in the record on appeal or a statement of issues.[1]  Bankrupcty Rule 8006 provides in pertinent part:

> Within 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

**Rule 8006.**

Bankruptcy Rule 8001(a) provides in pertinent part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal.

**Rule 8001(a).**

> If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal.  Federal Rule of Bankruptcy Procedure 8001(a) provides that an appellant's failure "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." . . .  [B]efore a district court may dismiss an appeal pursuant to Rule 8001(a), it must take *at*

---

[1] Contained within the Notice of Appeal are items designated as "issues." However, those items are merely a rehashing of arguments apparently made before the Bankruptcy Court and do not qualify as a statement of issues on appeal.  Assuming *arguendo*, however, that such items did so qualify, the Appellant still has not filed a designation of the record.

*least one* of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible prejudicial effect on the other parties; *or* 4) indicate that it considered the impact of the sanction and available alternatives. . . . "[A] proper application of [this] test will normally require a district court to consider and balance all relevant factors."

**In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).**

The Appellants in this case are no strangers to this Court. On May 10, 2005, the undersigned dismissed another appeal brought by them from a ruling in Bankruptcy Court, an appeal involving the same Appellee as in this case. **Smith v. Crowfields Condominium Assoc., Civil No. 1:05cv80.** Despite the fact that the Appellee filed a designation of record on September 29, 2005, the Appellants still have not done so. The undersigned concludes, based on the Appellants' conduct, that they have acted in bad faith in pursuing this appeal. Indeed, it appears the appeal was filed merely to harass the Appellee. **In re Weiss, supra (citing Resolution Trust Corp. v. SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995) and In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992)).** The delay caused by this appeal has of necessity impacted the bankrupt estate negatively. Such filings prejudice the bankruptcy estate and its creditors because it continues to keep alive a

proceeding which should have long since been completed. *Id.* The use of a less drastic sanction will not provide the relief needed, the ability of the bankruptcy proceeding to go forward without further delay. *Id.* And, because of the Appellants' past behavior, an alternative sanction instead of dismissal does not appear appropriate. *Id.* Nor does the Court find that notice and opportunity to respond would result in a reasonable, credible explanation.

**IT IS, THEREFORE, ORDERED** that this matter is hereby **DISMISSED WITH PREJUDICE** by the Court *sua sponte* for failure to comply with the Bankruptcy Rule 8006 and to prosecute the appeal.

**Signed: November 5, 2005**

Lacy H. Thornburg
United States District Judge